PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1998 Toyota Camry struck a hole while claimant Ralph E. Givens was traveling on W. Va. Route 31, in Wood County. W. Va. Route 31 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on July 24,2004. W. Va. Route 31 is a two-lane highway at the area of the incident involved in this claim. Claimant Ralph Givens testified that he was traveling along W. Va. Route 31 through a sharp turn in the road. He stated that there was a truck crowding the center yellow line in the turn so he had to maneuver his vehicle closer to the edge of the road. The vehicle then hit a hole along the berm of the road that Mr. Givens had not seen. Mr. Givens testified that the hole was about one to two feet wide, one foot long, and ten to twelve inches deep and was located alongside the white line on the road. Claimants’ vehicle struck the hole sustaining damage to a tire and rim totaling $428.59. Claimants’ insurance deductible was $250.00; therefore, claimants are limited to a recovery in that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 31 at the site of the claimant’s accident for the date in question. Ron Galland, an Assistant County Supervisor for the respondent in Wood Comity, testified that he had no knowledge of any holes on W. Va. Route 31 for the date of claimant’s incident. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 31.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive *13 notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle shuck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $250.00.
Award of $250.00.